UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
---------------------------------------------------------x
DARRION B. SMITH

                 Plaintiff,                             COMPLAINT

     - against -                         JURY TRIAL DEMANDED

THE CITY OF NEW YORK,
KENNETH SEPULVEDA   and
 JOHN DOE Officers  of the New York City Police Department
(The names being fictitious   being  unknown to Plaintiff)

                 Defendants.
---------------------------------------------------------x

        Plaintiff DARRION B. SMITH  through his attorney WARREN S. HECHT, Esq.,

complaining of the Defendants, alleges:

### JURISDICTION

        1. This is an  action for violation of federally protected rights  brought pursuant to 42

U.S.C. 1983 to redress the deprivation under the ordinance, custom and usage of all rights,

privileges and immunities secured to the Plaintiff by the   Fourth, Eighth  and Fourteenth

Amendments to the Constitution of the United States, and by 42 United States Code Sections

1983,1985,1986 and 1988, and all the laws and statutes thereunder as well as violations under

state law.

        2. The jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and Section

1343,  the aforementioned statutory and Constitutional provisions and 28 U.S.C. Section 1367

for the pendent state law claim.

### VENUE

        3. This Court has venue pursuant to 28 U.S.C. Section 1391 (b) since the claim arose

in this district.

## PARTIES

4. Plaintiff DARRION B. SMITH  is a  resident of and is domiciled in the State of New York, Queens  County.

5. At the time of the events mentioned infra the Plaintiff was a resident of and was domiciled in the State of  New York, Queens County.

6. Upon information and belief Defendant THE CITY OF NEW YORK (hereinafter referred to as the "City") is a municipal corporation incorporated under the laws of the State of New York.

7. The New York City Police Department (NYPD)  is an agency of the Defendant City.

8. Defendant KENNETH SEPULVEDA,  Tax reg. # 947482,  is a police officer with the NYPD and is employed by Defendant City and was assigned to the 113th precinct located in Queens County.

9.   On September 24, 2014  within the period prescribed by law, a sworn Notice of Claim stating among other things, the natures of the claim, the time, place and manner in which the claim arose and the items of damage, with Plaintiff's demand for adjustment were duly served on the Comptroller of the City of New York and that the City  refused or neglected for more than ninety days and up to the commencement of this action to make any adjustment or payment thereof.

## FACTS

10.  At all times relevant hereto and in all their actions described herein, the

–2–

Defendants were acting under color of law.

11. On June 28, 2014 at approximately 9:45 P.M. on Bedell Street in the vicinity of 130-133 Avenue Queens County, Darrion B. Smith was improperly seized and improperly searched by servants and/or employees of the City including the defendant Kenneth Sepulveda.

12. Defendants did not have a legal basis to seize or search Darrion B. Smith.

13. On June 28, 2014 at approximately 9:45 P.M. on Bedell Street in the vicinity of 130-133 Avenue Queens County, Darrion B. Smith was then falsely arrested and falsely imprisoned by agents, servants and/or employees of the City including the defendant Kenneth Sepulveda and was not released until June 29, 2014.

14. Said arrest was made without probable cause.

15. On June 29, 2014, a criminal complaint was filed by Police Officer Kenneth Sepulveda against four individuals including the Plaintiff under Docket No. 2014QN038112.

16. The criminal complaint alleged that the Plaintiff committed the offenses of the violation of the NYC Administrative Code Section 10-131 (B) (1) (sell, offer to sell or possess an air pistol or an air rifle ) and the NYC Administrative Code Section 10-131- (G) (sell, offer to sell or possess imitation pistol or revolver).

17. Defendant Kenneth Sepulveda alleged in the complaint that he saw Isaiah Diaz display a BB gun in front of (the defendants) Cain Collins, Tyler Sandiford and Darrion B. Smith.

18. Said conduct by Darrion B. Smith as alleged by Defendant Sepulveda did not constitute a violation of said sections or any other crime

19. In any event, said allegation that Diaz displayed a BB gun was false.

−3−

20. Defendant Sepulveda conspired and set forth false accusations in the criminal complaint and in other documents including police reports.

21. The plaintiff was innocent of the charges.

22. Said action was commenced without probable cause and with actual malice

23. Said proceeding was dismissed and was sealed on July 31, 2014.

24. Said dismissal was a "favorable termination."

25. As a result of the Defendants' conduct, Darrion B. Smith suffered emotional injuries including mental suffering, humiliation and embarrassment, loss of liberty and incurred expenses.

**AS AND FOR A FIRST CAUSE OF ACTION**
**BY PLAINTIFF**
**AGAINST DEFENDANT KENNETH SEPULVEDA**
**AND OFFICER   JOHN DOE**

26. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "25" of the complaint and incorporates them herein.

27. The above-mentioned conduct, constituting, inter-alia, false arrest, false imprisonment and were in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth, Eighth and Fourteenth Amendments thereof and 42 U.S.C. §§ 1983 and 1988.

28. The violations of Plaintiff's rights were willful and/or malicious.

29. The intentional acts by the Defendants were carried out in gross disregard of Plaintiffs' rights or reckless disregard by the Defendants of whether or not their actions violated

– 4 –

the Plaintiff's rights.

30.  As a result of the Defendants' conduct, the Plaintiff  suffered  emotional injuries including mental suffering, humiliation and embarrassment,  loss of liberty and incurred expenses.

WHEREFORE, Plaintiff  demands judgment against Defendants Kenneth Sepulveda and  John Doe   for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and against Kenneth Sepulveda  and John Doe for  Ten-Million-($10,000,000.00)-Dollars in punitive damages  with costs and  disbursements and reasonable attorney's fees.

### AS AND FOR A SECOND  CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANT  KENNETH SEPULVEDA  AND OFFICER   JOHN DOE

31. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "30" of the complaint and incorporates them herein.

32. The above-mentioned conduct, constituting, inter-alia, malicious prosecution was in violation of Plaintiff's  rights under the laws and Constitution of the United States, in particular the  Fourth,  Eighth and Fourteenth Amendments thereof and 42 U.S.C.  §§ 1983  and 1988.

33. The violations of Plaintiff's rights were willful or malicious.

34.  The intentional acts by the Defendants were carried out in gross disregard of Plaintiffs' rights or reckless disregard by the Defendants  whether or not their actions violated the Plaintiff's rights.

35.  As a result of the Defendants' conduct, Plaintiff Darrion B. Smith  suffered

–5–

emotional injuries including mental suffering, humiliation and embarrassment, loss of liberty and incurred expenses.

WHEREFORE, Plaintiff demands judgment against Defendants Kenneth Sepulveda and John Doe for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and against Kenneth Sepulveda and John Doe for Ten-Million-($10,000,000.00)-Dollars in punitive damages with costs and disbursements and reasonable attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANT CITY AND JOHN DOE

36 Plaintiff repeats and reiterates each and every allegation contained in paragraphs"1" through "35" of the complaint and incorporates them herein

37. Police officers of the City including John Doe were present and had a reasonable opportunity to stop the Defendant Kenneth Sepulveda from arresting the Plaintiff.

38. Police officers of the City including John Doe had the reasonable opportunity to cause the Plaintiff to be released sooner and have no charges filed against the Plaintiff.

39. Their failure to intervene violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C.1983, 1985,1986.

40. Their failure to intervene was willful, malicious, or in gross disregard of the constitutional rights of the Plaintiff and was done to cause Plaintiff pain and injury.

41. As a result of the Defendants' conduct, Plaintiff Darrion B. Smith suffered emotional injuries including mental suffering, humiliation and embarrassment, loss of liberty and incurred expenses.

WHEREFORE, Plaintiff demands judgment against Defendants City and  John Doe   for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, andt Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs, disbursements, and reasonable attorneys' fees .

### AS AND FOR A FOURTH  CAUSE OF ACTION
### BY PLAINTIFFS AGAINST DEFENDANT CITY

42. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "41" of the complaint and incorporates them herein.

43. The Defendant City  knew "to a moral certainty" that its police officers  will confront a given situation, namely whether the person  has violated AC 10-131 and subsections therein

44. In order to decide whether a person violated said section the officer has to determine whether the person sold, offered to sell, or  possessed said items.

45.  The wrong  determination by the police officer  will frequently cause the deprivation of a citizen's constitutional rights.

46. Upon information and belief there was a widespread practice in the New York City Police Department of charging individuals with possession of contraband or other legal items such as under section AC-10-131  when in fact he did not possess the items, as possession is defined under the law.

47 .  Although  the Defendant City  was aware of the problem, the Defendant did not adopt training and retraining programs in order to alleviate this problem.

48.  Proper training or supervision would have solved the problem.

49. The Defendant City's inadequate training or retraining or supervision constituted a deliberate indifference to the constitutional rights of individuals, including the Plaintiff, with whom the police officers come in contact.

50.  The failure of the City to properly to train or supervise its employees to make sure that they understood the legal definition of possession, resulted in the Plaintiff being arrested and prosecuted although the record indicates that the Plaintiff did not possess the item.

51.  As a result of the Defendant's conduct, Plaintiff Darrion B. Smith suffered emotional injuries including mental suffering, humiliation and embarrassment, loss of liberty, and incurred expenses.

WHEREFORE, Plaintiff demands judgment against Defendant City for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs, disbursements, and reasonable attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION
BY PLAINTIFF AGAINST DEFENDANT KENNETH
SEPULVEDA AND JOHN DOE
AND CITY**

52. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "51" of the complaint and incorporates them herein.

53. The acts and conduct hereinbefore alleged constitute false arrest and imprisonment, malicious prosecution, prima facie tort, negligence and gross negligence under New York State law.

54. That this Court has pendant jurisdiction of this claim.

55.  The defendant City is vicariously liable for the conduct of its employees acting within the scope of their employment.

56. Said employees were acting within their scope of employment.

57. As a result of the Defendants' conduct, Plaintiff Darrion B. Smith suffered emotional injuries including mental suffering, humiliation and embarrassment, loss of liberty and  incurred expenses.

WHEREFORE, Plaintiff Darrion B. Smith demands judgment against Defendants City, Kenneth Sepulveda   and John Doe  for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs and  disbursements.

**AS AND FOR A SIXTH  CAUSE OF ACTION**
**BY PLAINTIFF DARRION B. SMITH**
**AGAINST  DEFENDANTS KENNETH SEPULVEDA,**
**JOHN DOE  AND CITY**
_____

58. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "54" of the complaint and incorporates them herein.

59. That the foregoing acts constituted extreme and outrageous conduct that caused Plaintiff   mental and emotional distress.

60. Defendants Kenneth Sepulveda   and John Doe  intended to cause or recklessly caused Plaintiff mental or emotional distress.

61. That said conduct was improper and in violation of New York State law.

62. That this Court has pendant jurisdiction of this claim.

63. The Defendants Kenneth Sepulveda and John Doe were acting within the scope of their employment.

64. The defendant City is vicariously liable for the conduct of its employees acting within the scope of their employment.

65. As a result of the Defendants Kenneth Sepulveda and John Doe's conduct the Plaintiff Darrion B. Smith suffered emotional injuries including mental suffering, humiliation and embarrassment, and loss of liberty.

WHEREFORE, Plaintiff Darrion B. Smith demands judgment against Defendants City, Kenneth Sepulveda and John Doe for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs and disbursements.

**AS AND FOR A SEVENTH CAUSE OF ACTION
BY PLAINTIFF DARRION B. SMITH
AGAINST DEFENDANT CITY**

66. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "65" of the complaint and incorporates them herein.

67. Upon information and belief the defendant City failed to use reasonable care in the hiring or retention of the above-mentioned defendants who participated in the seizure, search, arrest and the prosecution of the plaintiff.

68. The defendant through the use of reasonable care or investigation would have known that it was foreseeable that the defendants would engage in conduct which violated the plaintiff's constitutional rights or violated federal and state law.

69. That said conduct was improper and in violation of New York State law.

70. That this Court has pendant jurisdiction of this claim.

WHEREFORE, Plaintiff Darrion B. Smith demands judgment against Defendant City for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs and disbursements.

### AS AND FOR A EIGHTH   CAUSE OF ACTION
### BY PLAINTIFF DARRION B. SMITH
### AGAINST  DEFENDANT CITY

71. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "70" of the complaint and incorporates them herein.

72.  Upon information and belief the defendant City  failed to use reasonable care in the training and supervision   of the above-mentioned individual defendants who participated in the seizure, search, arrest and the prosecution of the plaintiff.

73. If there had been proper training and supervision the individual defendants would not  have engaged in the conduct which violated state and federal law and violated the plaintiff's rights under the constitution.

74. That said conduct was improper and in violation of New York State law.

75. That this Court has pendant jurisdiction of this claim.

WHEREFORE, Plaintiff Darrion B. Smith demands judgment against Defendant City  for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs and  disbursements.

76. Plaintiff requests trial by Jury.

Forest Hills, N.Y.
September 10, 2015

                                    ------------------------
                                   WARREN S. HECHT
                                   Attorney for Plaintiff
                                   118-21 Queens Boulevard, Suite 518
                                   Forest Hills, N.Y. 11375
                                   (718) 575-8721
                                   whecht@aol.com